IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES M. MONTOYA,

    Plaintiff,

vs.                                                      Civ. No. 98-1082 HB/LCS

KENNETH S. APFEL,
Commissioner of Social Security
Administration,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon the Commissioner's Motion to Dismiss, filed February 3, 1999. The Commissioner raises in his Motion to Dismiss two reasons for dismissing this case. First, he argues that this case was untimely filed and that this Court lacks subject matter jurisdiction.[1] Before discussing the merits of the Motion to Dismiss, a brief history of this case is necessary.

A. History of the Case

2. The Plaintiff filed a claim for benefits in August 1986. That claim for benefits was denied by an ALJ on August 31, 1987 and refused review by the Appeals Council on January 22, 1988. Plaintiff applied for benefits again on February 2, 1994. On June 22, 1995, the ALJ

---

[1] In his reply brief, the Commissioner raises for the first time the issue of failure to exhaust administrative remedies. An issue raised for the first time in the reply brief is not considered. *See, e.g., United States v. Magana*, 118 F.3d 1173, 1198 n. 15 (7th Cir. 1997); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 724 (10th Cir. 1993).

awarded the Plaintiff benefits, found that the Plaintiff's period of disability began as of December 1, 1984, and refused to reopen the 1986 claim.

3. In August 1995, the Commissioner determined to begin payment of benefits as of February 1993. The Plaintiff then on September 28, 1995 untimely requested a review of the award of benefits believing the payments should have been calculated as of December 1984. The Commissioner denied the request for review in November 1996.

4. The Plaintiff filed a federal lawsuit on this matter in December 1996. In November 1997, the Court dismissed the lawsuit for failure to exhaust administrative remedies. On February 28, 1998, the Commissioner issued a reconsideration determination affirming the August 1995 determination concerning the payment of benefits and the decision not to reopen the 1986 claim. The Plaintiff claims that in March 1998 he requested a reconsideration of the February 28, 1998 decision. The Commissioner disputes that this request was made. The Plaintiff filed the present lawsuit on September 8, 1998.

B. Untimely Filing of the Case

5. 42 U.S.C. §405(g) states that "[a]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within <u>sixty days</u> after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." (Emphasis added). Plaintiff's action seeks review of the February 28, 1998 reconsideration determination. The Plaintiff, however, did not file this action until September 8, 1998. Clearly more than 60 days had elapsed since the February 28, 1998 date, thus making this lawsuit untimely.

6. The Plaintiff, however, makes two arguments against the untimely action assertion. First, the Plaintiff contends that on March 4, 1998, he submitted a Request for Reconsideration of the February 28, 1998 decision. Attached as Ex. 1 to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss. Plaintiff contends that the March 4, 1998 Request for Reconsideration was made within the 60 day period and so was a timely appeal. The Commissioner, however, notes that the Social Security Administration has no record of this March 4, 1998 Request for Reconsideration nor does the copy of the request presented by the Plaintiff have any indication that it was ever received by the Social Security Administration. In any event, the March 4, 1998 Request for Reconsideration is not a "civil action" under §405(g) and so cannot be considered a timely appeal.

7. The Plaintiff also argues that if the complaint is untimely, the 60 day period should be equitably tolled. The 60-day limit of §405(g) is a statute of limitations rather than a jurisdictional bar to the federal courts. *See Bolden for Bolden v. Bowen*, 868 F.2d 916, 919 (7th Cir.1989) (*citing Bowen v. City of New York*, 476 U.S. 467 (1986)); *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir.1989). District courts may apply the doctrine of equitable tolling to extend the statute of limitations where the claimant (i) was unaware that there had been a violation giving rise to a claim, *City of New York*, 476 U.S. at 481-82; *Dixon v. Shalala*, 54 F.3d 1019, 1032-33 (2d Cir.1995), (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, *Chiappa v. Califano*, 480 F.Supp. 856, 857 (S.D.N.Y.1979), (iii) received conflicting information about the filing deadline, *Hernandez v. Sullivan*, 1991 WL 243451, at *2 (S.D.N.Y. Nov.8, 1991), or (iv) was unable to comprehend the appeal process because of an impediment, *Canales v. Sullivan*, 936 F.2d 755, 756 (2d Cir.1991) (mental impairment); *Correa*

3

*v. Bowen*, 682 F.Supp. 755, 757 (S.D.N.Y.1988) (language barrier).  In other words, tolling is allowed where a party was tricked or deceived by an adversary's misconduct, or where filing was timely but defective;  tolling is inappropriate such as when the late filing is a result of "garden variety" excusable neglect of the Plaintiff's attorney. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Tolling is favorable only when the equities are "'so great that deference to the agency's judgment is inappropriate.'" *City of New York*, 476 U.S. at 480 (citation omitted). None of the above circumstances favoring equitable tolling appears to be present in this case. In sum, I find that this case was untimely filed.

C.  Lack of Subject Matter Jurisdiction

8.  The Commissioner argues that there is no jurisdiction over the February 28, 1998 reconsideration not to reopen the 1986 claim.  The Commissioner correctly states that absent a colorable constitutional claim, the Commissioner's decision not to reopen a claim is not subject to judicial review.  *See, e.g., Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989).  The Plaintiff appears to argue that he does not want to reopen the 1986 claim but rather that he wants benefits beginning on December 1, 1984 because the June 1995 decision stated he was entitled to a period of disability commencing on December 1, 1984.  However, 42 U.S.C. §402(j) states that retroactive disability benefits are limited to 12 months prior to the month of application.  In this case, the application which succeeded in granting benefits was filed in February 1994 and so, consequently, the Commissioner began Plaintiff's benefits as of February 1993.  Even assuming subject matter jurisdiction, I find no error in the Commissioner's commencement of benefits in February 1993.

4

Recommended Disposition

I recommend granting the Commissioner's Motion to Dismiss and dismissing this matter with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge